United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 20, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-41194
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

TERANCE TERRAIL RAYMO,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:02-CR-191-1
--------------------

Before JOLLY, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

     Terance Terrail Raymo appeals his guilty plea conviction and
sentence for possession with intent to distribute cocaine base in
violation of 21 U.S.C. § 841(a)(1).  He argues that the district
court clearly erred in overruling his objection to the
presentence report's drug-quantity calculation and including the
10.72 grams of cocaine base recovered on August 8, 2002, as
relevant conduct under U.S.S.G. § 1B1.3(a)(2).  Raymo also argues
that the quantity of the cocaine base (10.72 grams) is

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

insufficient as a matter of law to create an inference of intent to distribute.

Raymo has not demonstrated that the district court clearly erred in including the 10.72 grams of cocaine base as relevant conduct. This offense was sufficiently similar and in close temporal proximity to the offense of conviction to reasonably suggest that it constituted the same course of conduct. See United States v. Bethley, 973 F.2d 396, 401 (5th Cir. 1992); United States v. Ocana, 204 F.3d 585, 589-90 (5th Cir. 2000). Further, Raymo has not demonstrated that the district court clearly erred in finding that he possessed the 10.72 grams of cocaine base for distribution purposes rather than for personal consumption. See United States v. Buck, 324 F.3d 786, 796 (5th Cir. 2003); United States v. Kates, 174 F.3d 580, 582-83 (5th Cir. 1999).

Therefore, the district court's judgment is AFFIRMED.